UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.:

Eddie Jenkins,

     Plaintiff (s)

v.

Scrappy Thomas, Inc.,
and Brian T. Lewis,
Individually,

     Defendants.

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Come now, the Plaintiff Eddie Jenkins and other similarly situated individuals, by and through the undersigned counsel, hereby sue Defendants Scrappy Thomas, Inc., and Brian T. Lewis, individually, and allege:

<u>Jurisdiction, Venues, and Parties</u>

1. This is an action to recover monetary damages for unpaid overtime wages under United States laws. Accordingly, this Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Eddie Jenkins is a resident of Davenport, Polk County, Florida, within the jurisdiction of this Court and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Scrappy Thomas, Inc. (hereinafter referred to as Scrappy Thomas, or Defendant) is a Florida Profit Corporation conducting business in Mulberry, Polk County.   At all times, Defendant was and is engaged in interstate commerce. Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

4. Individual Defendant Brian T. Lewis was and is now the owner/partner/and manager of Defendant corporation Scrappy Thomas. These individual Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint occurred within this Court's jurisdiction, in Mulberry, Polk County, Florida.

General Allegations

6. Plaintiff Eddie Jenkins brings this action as a collective action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA" or "the Act"), seeking to recover unpaid overtime compensation, liquidated damages, costs, and reasonable attorney's fees from Defendants. This action is

brought on behalf of Plaintiff and all other current and former employees similarly situated ("the asserted class") who worked more than forty (40) hours in one or more workweeks on or after July 2022 ("the material time") without receiving adequate compensation.

7. Defendant Scrappy Thomas Inc. is a recycling company providing industrial and commercial scrap metal recycling, salvage, dumpster roll-off services, and processing services. The company operates recycling facilities at 1155 Pebbledale Rd, Mulberry, Florida 33860, where Plaintiff was employed.

8. Defendant Scrappy Thomas Inc. is engaged in interstate commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s)(1)(A). The company regularly engages in commerce or the production of goods for commerce by utilizing the instrumentalities of interstate commerce, including accepting and soliciting funds from non-Florida sources and using electronic devices to authorize credit card transactions and order products and supplies produced out of state. Upon information and belief, Defendant's annual gross revenue has consistently exceeded $500,000. Therefore, enterprise coverage under the FLSA applies.

9. Plaintiff and similarly situated individuals were employed by an enterprise engaged in interstate commerce and performed activities in furtherance of such enterprise. Accordingly, individual coverage under the FLSA applies.

10. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff's duties included recovering and processing metal scrapings and handling goods and materials that had moved in interstate commerce. Therefore, individual coverage under the FLSA applies.

11. Defendants Scrappy Thomas Inc. and Brian T. Lewis employed Plaintiff Eddie Jenkins as a non-exempt, full-time, hourly employee from approximately December 15, 2020, to October 8, 2024, a period of approximately 3 years and 9 months. For FLSA purposes, Plaintiff's relevant period of employment is 115 weeks.

12. Plaintiff worked as a recycling facility employee, performing duties including collecting, sorting, and processing recyclable metals, as well as driving, loading, and unloading trucks as needed.

13. During the relevant period, Plaintiff was initially paid hourly at a rate of $25.00. On or about January 23, 2023, Plaintiff became a salaried employee with a weekly salary of $2,100.00. On or about April 2, 2024, Plaintiff's salary was reduced to $1,500.00 per week.

14. Despite changes in compensation structure, Plaintiff consistently worked the same number of days and hours throughout his employment.

15. Plaintiff worked six days per week, Monday through Saturday, from 6:00 AM to 7:30 PM (13.5 hours daily), totaling 81 hours weekly.

16. Once per month, Plaintiff also worked on Sundays from 6:00 AM to 1:00 PM (7 hours), resulting in a total of 88 hours worked during those weeks.

17. During the relevant employment period, Plaintiff worked 86 weeks at 81 hours per week and 29 weeks at 88 hours per week. Plaintiff did not take lunch breaks.

18. Regardless of his form of payment, Plaintiff consistently worked more than 40 hours per week but was not compensated for overtime hours as required by law.

19. Plaintiff did not clock in and out but signed timesheets. Defendants controlled his schedule and activities and were aware of the number of hours Plaintiff and other similarly situated individuals worked.

20. Defendants willfully failed to pay Plaintiff overtime wages at the rate of one and one-half times his regular rate for every hour worked in excess of forty (40) per week, in violation of Section 7(a) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 207(a)(1).

21. Plaintiff was paid via direct deposit without receiving paystubs that provided accurate information such as the number of days and hours worked, wage rate, and taxes withheld.

22. Plaintiff complained multiple times to business owner Brian T. Lewis regarding the lack of payment for overtime hours and the reduction of his salary.

23. On or about October 8, 2024, Plaintiff was forced to leave his position because Defendants denied him time off for a scheduled surgery to treat a serious health condition.

24. At all relevant times, individual Defendant Brian T. Lewis was the owner, partner, and manager of Scrappy Thomas Inc. He acted directly in the interests of Scrappy Thomas Inc. concerning its employees, including Plaintiff and others similarly situated. Defendant Brian T. Lewis had financial and operational control over the business, determining the terms and conditions of employment for Plaintiff. Accordingly, he is jointly and severally liable for Plaintiff's damages under Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25. Plaintiff Eddie Jenkins seeks to recover unpaid overtime wages for every hour worked over 40 during his employment, liquidated damages equal to the unpaid wages, and any other relief allowable by law, including reasonable attorney's fees and costs.

Collective Action Allegations

26. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

27. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated

individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

28. This action is intended to include every recycling plant worker and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

29. Plaintiff Eddie Jenkins re-adopts every factual allegation stated in paragraphs 1-28 above as if set out in full herein.

30. Defendants Scrappy Thomas and Brian T. Lewis employed Plaintiff Eddie Jenkins as a non-exempt, full-time, hourly employee from approximately December 15, 2020, to October 08, 2024, or a period of 3 years and 9 months. However, for FLSA purposes, Plaintiff's relevant time of employment is 115 weeks.

31. Plaintiff worked as a recycling facility employee.  Plaintiff had many duties, including collecting, sorting, and processing recyclable metals, driving, loading, and unloading trucks as needed.

32. During the relevant employment time, Plaintiff was paid by the hour at $25.00. Then, on or about January 23, 2023,  Plaintiff became a salaried employee. He

was paid $2,100.00 weekly. On or about April 02, 2024, Plaintiff's salary was lowered to $1,500.00 weekly.

33. Nevertheless, while employed by Defendants, Plaintiff worked the same number of days and hours. Plaintiff worked as follows:

34. 1.- Plaintiff worked six days per week from Monday to Saturday, from 6:00 AM to 7:30 PM (13.5 hours daily), or 81 hours weekly.

35. Once per month, Plaintiff worked 7 days. He also worked on Sundays from 6:00 AM to 1:00 PM (7 hours). Once per month, Plaintiff worked 88 hours per week.

36. Thus, during the relevant employment period, Plaintiff worked 86 weeks with 81 working hours, and 29 weeks with 88 hours. Plaintiff never took lunchtime hours.

37. Regardless of his form of payment, Plaintiff consistently worked more than 40 hours weekly, but he was not compensated for overtime hours as required by law.

38. Plaintiff did not clock in and out, but he signed timesheets, and Defendants controlled his schedule and activities. Defendants were aware of the number of hours that Plaintiff and other similarly situated individuals were working.

39. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of one time and a half his regular rate, for every hour that he worked in

excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

40. Plaintiff was paid with direct deposits without paystubs providing accurate information such as the number of days and hours worked, wage rate, employee's taxes withheld, etc.

41. On or about October 08, 2024, Plaintiff was forced to leave his position because Defendants denied Plaintiff time off for a scheduled surgery to treat a serious health condition.

42. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees, upon information and belief.

43. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

44. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

45. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

a. <u>Total amount of alleged unpaid O/T wages</u>:

Fifty-Seven Thousand Eight Hundred Thirty-One Dollars and 53/100 ($57,831.53)

b. <u>Calculation of such wages</u>:

Total period of employment: 3 years and 9 months
Relevant weeks of employment:  115 weeks
Total number of hours worked: 81 and 88 weekly
Overtime hours: 41 and 48 hours weekly
Unpaid O/T hours: 41 and 48 hours weekly

**1.- Unpaid overtime from July 23, 2022, to January 22, 2023= 26 weeks /Paid by hourly rate $25.00**
Relevant weeks: 26 weeks
Hours worked: 81 and 88 hours
Hourly wage rate: $25.00 an hour x 1.5=$37.5 O/T
    O/T rate: $37.50-$25.00 rate paid=$12.50 difference
    Half-time O/T: $12.50 an hour

i. $12.50 x 41 O/T hours=$512.50 weekly x 20 weeks= $10,250.00
ii. $12.50 x 48 O/T hours=$600.00 weekly x 6 weeks= $3,600.00

**2.- Unpaid overtime from January 23, 2023, to April 02, 2024= 62 weeks / paid by salary $2,100.00 weekly**
Relevant weeks: 62 weeks
Hours worked: 81 and 88 hours

Salary: $2,100.00 weekly: 81 hours= $25.92 an hour x 1.5=$38.88 O/T
    O/T rate: $38.88-$25.92 rate paid=$12.96 difference
    Half-time O/T: $12.96 an hour

Salary: $2,100.00 weekly: 88 hours= $23.86 an hour x 1.5=$35.79 O/T

Page **10** of **13**

O/T rate: $35.79-$23.86 rate paid=$11.93 difference
Half-time O/T: $11.93 an hour

i.   $12.96 x 41 O/T hours=$531.36 weekly x 47 weeks= $24,973.92
ii.  $11.93 x 48 O/T hours=$572.64 weekly x 15 weeks= $8,589.60

**3.- Unpaid overtime from April 04, 2024, to October 08, 2024= 27 weeks / salary lowered to $1,500.00 weekly**
Relevant weeks: 27 weeks
Hours worked: 81 and 88 hours

Salary: $1,500.00 weekly: 81 hours = $18.51 an hour x 1.5=$27.76 O/T
     O/T rate: $27.76-$18.51 rate paid=$9.25 difference
     Half-time O/T: $9.25 an hour

Salary: $1,500.00 weekly: 88 hours= $17.04 an hour x 1.5=$25.56 O/T
     O/T rate: $25.56-$17.04 rate paid=$8.52 difference
     Half-time O/T: $8.52 an hour

i.   $9.25 x 41 O/T hours=$379.25 weekly x 21 weeks= $7,964.25
ii.  $8.52 x 48 O/T hours=$408.96 weekly x 6 weeks= $2,453.76

     Total # 1, #2, and #3: $57,831.53

c.   <u>Nature of wages (e.g., overtime or straight time):</u>

     This amount represents unpaid half-time overtime wages.[1]

46. The Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of one and a half times their regular

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

rate for all hours worked over forty hours (40) per workweek, as provided in said Act.

47. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remained owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants, and Plaintiff and those similarly situated are entitled to recover double damages.

48. Defendants Scrappy Thomas and Brian T. Lewis intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

49. Plaintiff Eddie Jenkins has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

### Prayer for Relief

Wherefore, Plaintiff Eddie Jenkins and those similarly situated respectfully request that this Honorable Court:

    A. Enter judgment for Plaintiff Eddie Jenkins and other similarly situated

individuals and against Defendants Scrappy Thomas and Brian T. Lewis based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Eddie Jenkins actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Eddie Jenkins demands a trial by a jury on all issues triable as a matter of right.

Date: September 25, 2025                Respectfully Submitted,

By: /s/ Zandro E. Palma
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
zep@thepalmalawgroup.com
*Attorney for Plaintiff.*